IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Terrance Mason
        Plaintiff,

-vs-                              Case NO: _____

Earnell Lucas, Michael
Murphy, Rashed Farrakhan,
Rodney Collins, Phillip
Overland, Maurice Slocum,
LaDonna Jones, David Ledger,
        Defendant(s),

---

Civil Rights Action Complaint Pursuant To
Title 42 U.S.C. § 1983, and Title 28 U.S.C. § 1915(G)
With Jury Demand

---

## INTRODUCTION

1. This is a § 1983 action filed by plaintiff Terrance
   Mason #680682, a state Prisoner currently housed at
   Columbia Correctional Inst, alleging violation of
   his Constitutional rights for Excessive Use of Force,
   and to receive medical treatment after the Excessive
   use of Force, plaintiff Mason is seeking injunctive
   relief, and money damages. Plaintiff Mason also
   seeks an injunction and damages pursuant to the
   Americans with Disabilities Act, and the Rehabilit-
   ation Act.

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to
   28 U.S.C. § 1331, in that this is a civil action
   arising under the Constitution of the United States
   of America. Jurisdiction of the Court is invoked

pursuant to 28 U.S.C. § 1343 (a)(3) in that this
action seeks to redress the deprivation under
color of State Law of rights secured by acts of
Congress providing for equal rights of persons
within the jurisdiction of the United States.

## STATEMENT ON EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff Mason hereby confirms compliance with
Title 42 U.S.C. § 1997(e), and the Milwaukee
County Jails system by filing informal grievances
offender complaints, and appeals set forth below;

4. Further as plaintiff Mason is seeking monetary
damages, declaratory judgment, and injunctive
relief from the above-named defendants, he has
fully exhausted all available remedies by (1)
submitting a grievance to the grievance officer
on December 7, 2018 grievance number 18-002718
the grievance was forwarded to Captain Daniel
Dittberner, and Deputy Inspector Aaron Dobson
(see Exhibit 1, 2, and 3)

5. Further plaintiff Mason contends that the grievance
that was filed was given to Detective Dickson Woo
for investigation, Detective Larell Lirette, and
Detective JoAnn Donner assisted with the investi-
gation, and interviews of the other correctional
officers that were present for the alleged offense.

## STATEMENT OF THE PARTIES

6. The Plaintiff, Terrance Mason #680682 is a citizen
of the United States of America, and the State of
Wisconsin. At all times material to this cause of
action, plaintiff Mason was confined at Milwaukee
County Jail located at 949 N. 9th St Milwaukee, WI.

## THE DEFENDANTS

7. The defendant, Earnell Lucas is a citizen of the United States, and the State of Wisconsin. At all times material to this action, defendant Lucas was the Sheriff for the County Of Milwaukee, State of Wisconsin. Defendant Earnell Lucas is being sued in his official and individual capacity.

8. The defendant, Michael Murphy, is a citizen of the United States, and the State of Wisconsin. At all times material to this cause of action, defendant Murphy was the record's custodian for the Milwaukee County Sheriff's Office located at 821 W. State St Room 102 Milwaukee, WI 53233. Defendant Murphy is being sued in his official and individual capacity.

9. The defendant, Rashed Farrakhan is a citizen of the United States and the state of Wisconsin. At all times material to this cause of action, defendant Farrakhan was employed as a LT. at the Milwaukee County Jail for the County of Milwaukee located at 949 N. 9th St, Milwaukee, WI 53233. Defendant Farrakhan is being sued in his individual capacity.

10. The defendant, Rodney Collins is a citizen of the United States and the State of Wisconsin. At all times material to this cause of action, defendant Collins was employed as a Correctional Officer at the Milwaukee County Jail, located at 949 N 9th St Milwaukee, WI 53233. Defendant Collins is being sued in his official and individual capacity.

11. The defendant, Phillip Overland is a citizen of the United States and the State of Wisconsin. At all times material to this cause of action. Defendant Overland was employed as a correctional officer at the Milwaukee County Jail located at 949 N. 9th St Milwaukee, WI 53233. Defendant Overland is being sued in his official and individual capacity

-3-

12. The defendant, Maurice Slocum is a citizen of the
    United States and the State of Wisconsin. At all
    times material to this cause of action, defendant
    Slocum was employed as a Correctional Officer at the
    Milwaukee County Jail, located at 949 N. 9th St,
    Milwaukee, WI 53233. Defendant Slocum is being sued
    in his official and individual capacity.

13. The defendant, LaDonna Jones is a citizen of the
    United States and the State of Wisconsin. At all
    times material to this cause of action, defendant
    Jones was employed as a Correctional Officer at the
    Milwaukee County Jail located at 949 N. 9th St
    Milwaukee, WI 53233. Defendant Jones is being sued in
    her official and individual capacity.

14. The defendant, David Ledger is a citizen of the United
    States and the State of Wisconsin. At all times material
    to this cause of action, defendant Ledger was employed
    as a Correctional Officer at the Milwaukee County
    Jail located at 949 N. 9th St, Milwaukee, WI 53233.
    Defendant Ledger is being sued in his official and
    his individual capacity.


## STATEMENT OF THE FACTS

15. On November 14, 2018 at 1:39 pm plaintiff Mason was
    being escorted to Cell #1 in the MHU (mental Health
    Unit) by defendant's Rodney Collins, Phillip Overland
    and Lead Correctional officer Maurice Slocum.

16. Defendant's Ladonna Jones and Defendant Rashed Farra-
    khan was following behind everyone else.

17. Defendant Collins was holding plaintiff Mason's left
    arm while defendant Overland was holding plaintiff
    Mason's right arm. Defendant Slocum was walking behind
    and holding onto the back of the RIPP belt that was
    placed onto plaintiff Mason.

18. At 1:39:51 pm plaintiff Mason was escorted to the back

wall of the cell, Defendants' Collins, Overland, Slocum, and CO Lt. Farrakhan were with plaintiff Mason. Defendant LaDonna Jones was observed stepping out of the cell to give someone directions. (see Exhibit 1 "review of Mental Health Unit Video").

19. At 1:40:22 pm defendant Ledger arrived at Cell #1 and stood behind defendant CO Lt Farrakhan, Defendant CO Slocum is observed walking from left to right in the cell. At 1:40:42 pm Plaintiff Mason was moved to the left wall of the cell by defendants' Collins and Overland. Plaintiff Mason still had the RIPP belt and Handcuffs on.

20. Defendant Slocum then threw the Blue Mattress out of the cell into the dayroom. Defendants' Lt. Farrkhan, CO Overland, and CO Collins was standing in the cell next to Plaintiff Mason.

## MISUSE OF FORCE

21. At 1:41:06 pm defendants' Lt. Farrakhan was observed stepping forward and towards plaintiff Mason the view was obscured by defendant lead CO Slocum. Defendant Ledger was stepping to the left to somewhat obscure the view of defendant CO Lt. Farrakhan (see Exhibit 4 ¶ 8).

22. At 1:41:19 pm defendants' Lt. Farrakhan, and CO Ledger looked to see who was by the Cell. Defendant CO Jones also looked to see who was by the cell. @ 1:41:22 PM defendant Jones motioned for a white female CO to leave the Unit, the female CO then left, at 1:41:28 pm defendant CO Lt. Farrakhan was observed taking off his glasses, which at that time defendants CO Slocum, and CO Ledger stepped back (see Exhibit 4 ¶ 11, 12, and 13).

23. At 1:41:32 pm defendant CO Lead Slocum turned towards defendant CO Collins @ which this time defendant CO Collins left the cell. Defendant CO Lt. Farrakhan then

moved forward towards plaintiff Mason, when defendant
CO Lt. Farrkhan moved towards plaintiff Mason he struck
plaintiff in the head, plaintiff Mason put up his arms
to try to block the blow. (see Exhibit 4 ¶ !4, and 15).

24. At 1:41:36 pm plaintiff Mason put down his arms and
at that time defendant CO Lt. Farrakhan struck him
again in the head, (see Exhibit 5 ¶ 1), At 1:41:37
pm defendant CO Lt. Farrkhan right arm was going
backwards and then forwards, @ this time proven by
the video footage and Exhibit 5 ¶ 2 defendant Jones
had stepped back into the cell to see what was going
on, defendant Slocum was obscured by defendant Ledger
defendant Slocum was standing to the left as defendant
CO Lt. Farrakhan kept striking plaintiff Mason in the
head. (see Exhibit 5 ¶ 2).

25. At 1:41:39 pm plaintiff moved to the back left corner
of the cell to get away from defendant's Farrakhan,
and Slocum, at this time you can see defendant CO Lt
Farrakhan, and CO Slocum moving to the left side and
right side. Defendant Ledger, and defendant Jones was
standing behind them at the cell entrance to try to
obscure the video footage, and defendant Overland
could not be observed because oll him standing against
the right side of the cell wall defendant Collins was
standing behind defendant Jones then he walked away.
(see Exhibit 5 ¶ 3 ).

26. At 1:41:43:696 pm defendant CO Lt. Farrakhan began
striking plaintiff Maso (6) six times, defendant CO
Lt. Farrakhan can be seen by the video footage both
of his arms was moving forward and back, and His upper
tolso was "Dipping" up and down. Defendant CO Lt.
Farrakhan's left foot was in view as he was striking
plaintiff Mason and it was pivoting as his left arm
moved forward @ 1:41:45:176 defendant Leed CO Slocum's
body position was turned towards plaintiff Mason as
defendant CO Lt Farrakhan was hitting the plaintiff.
(see Exhibit 5 ¶ 4).

-6-

27. At 1:41:43:696 pm defendants' CO Ledger, and CO Jones watched the whole assault from defendant CO Lt. Farrakhan given to plaintiff Mason, as they were standing near the cell door to obscure the video footage.

28. At 1:41:53 pm defendant CO Lt. Farrakhan was observed b/l the video footage and Exhibit 5 ¶ 5 stepping away from plaintiff Mason, which at this time defendant CO Collins walked back to the cell. @ 1:41:58 everyone started to exit the cell except plaintiff Mason.

29. At 1:42:03 pm defendant Overland was seen giving defendant CO Lt. Farrakhan's glasses back, defendant CO Overland was observed holding the RIPP belt as he exited the Cell, defendant CO Lt. Farrakhan was the last to exit the cell. (See exhibit 5 ¶ 7)

30. After the above-dscribed assault, Plaintiff Mason was left in his cell #1 with no medical attention

31. After the investigation and interviews of defendants CO Collins, CO Overland, CO Lt. Farrakhan, CO Ledger and CO LaDonna Jones, defendant CO Lt. Farrakhan was placed under arrest for Abuse of Resident of Penal Facility and Misconduct in Public Office (see Exhibit 6 ¶ 5, and 6).

## CLAIM FOR RELIEF

32. The actions of defendants' Farrakhan, Collins, Jones, Overland, Slocum, and Ledger in using physical force against plaintiff Mason without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the

Eighth Amendment of the United States Const-
itution.

33. The actions of defendants' Farrakhan, Collins,
Leger, Overland, Slocum, and Jones in using
physical force against the plaintiff without
need or provocation constituted the tort of
assault and battery under the law of Wisconsin.

34. The failure of Defendant Lucas to take discip-
linary or other action to curb the known pattern
of physical abuse of inmates by defendants'
Farrakhan, Collins, Overland, LaDonna Jones,
Ledger, and Slocum constituted deliberate
indifference to the plaintiff's and other
prisoner's safety, and contributed to and
proximately caused the above-described violation
of Eighth Amendment rights and assault and
battery.

## RELIEF REQUESTED

WHEREFORE, plaintiff Mason Requests that the Court grant the
following relief:

A. Issue a declaratory judgment stating that:
   1. The physical abuse of the plaintiff by defendants
   Farrakhan, Ledger, Collins, Slocum, Jones,
   Overland violated the plaintiffs' rights under
   the Eighth Amendment to the United States
   Constitution and constituted an assault and
   battery under state law.

   2. Defendant Lucas failure to take action to curb
   the physical abuse of prisoners violated the
   plaintiffs' rights under the Eighth Amendment
   to the Constitution of the United States and
   constituted an assault and battery.

-8-

B. Award compensatory damages in the following amount:
1. $500,000 each against defendant CO Lt. Farrakhan for the physical and emotional injuries sustained as a result of the plaintiffs' beating.
2. $100,000 each against defendants' Overland, Jones, Collins, Ledger, Slocum for the physical and emotional injuries sustained as a result of the plaintiff's beating.
3. $500,000 against defendant Sheriff Earnell Lucas failure to take action to curb the physical abuse of prisoners violated the plaintiff's rights.
4. $50,000 each against defendants' Farrakhan, Collins, Jones, Slocum, Ledger, and Overland for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff after his beating.

C. Award punitive damages in the following amounts:
1. $50,000 against CO Lt. Farrakhan, and Sheriff Lucas
2. $20,000 each against defendants' Overland, Collins Jones, Slocum, and Ledger.

D. Grant such other relief as it may appear that plaintiff is entitled to.

Executed this ___21st___ day of ___February___, 2021

Repectfully Submitted,

_Leonard Mason_
Terrance Mason #680862, Pro-Se
Columbia Correctional Inst
PO BOX 900
Portage, WI 53901

A TRIAL BY JURY ON ALL ISSUES ARE SO TRIABLE
IS HEREBY REQUESTED BY PLAINTIFF