UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRANCE MASON,

            Plaintiff,

      v.                                                          Case No. 21-C-241

EARNELL LUCAS, et al.,

            Defendants.

---

## SCREENING ORDER

---

Terrance Mason, who is currently serving a state prison sentence at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Milwaukee County Jail. This matter comes before the Court on Mason's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Mason requested leave to proceed without prepaying the full filing fee. A prisoner proceeding without prepayment of the filing fee is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Mason has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $23.88. The Court will grant Mason's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## COMPLAINT ALLEGATIONS

At the relevant time, Mason was an inmate at the Milwaukee County Jail. Dkt. No. 1, ¶6. Defendants are Milwaukee County Sheriff Earnell Lucas, Milwaukee County Jail Records Custodian Michael Murphy, Lieutenant Rashed Farrakhan, Correctional Officer Rodney Collins, Correctional Officer Phillip Overland, Correctional Officer Maurice Slocum, Correctional Officer LaDonna Jones, and Correctional Officer David Ledger. *Id.*, ¶¶7-14.

On November 14, 2018, Collins, Overland, Slocum, Jones, and Farrakhan went to Mason's cell to escort him to the Mental Health Unit (MHU). *Id.*, ¶¶15-17. Once they arrived at MHU, Mason was placed in the back of cell #1 and Jones briefly left to give someone directions. *Id.*, ¶18. A short time later, Ledger arrived at the cell. *Id.*, ¶19.

At around 1:41 p.m., Farrakhan, Ledger, and Jones looked around the outside of cell #1 to see who else was there. *Id.*, ¶¶21-22. Jones saw a female correctional officer and asked that correctional offer to leave the unit. *Id.*, ¶22. Farrakhan then took off his glasses, and Slocum and Ledger stepped back. *Id.* Collins then briefly left the cell. *Id.*, ¶23.

Over the next 30 seconds, Farrakhan stuck Mason in the head numerous times. *Id.*, ¶¶23-28. Mason held up his arms and tried to move around the cell to protect himself, but Farrakhan followed him and struck him every time he put his arms down. *Id.* Jones looked inside the cell at one point during the attack to see what was going on. *Id.*, ¶24. Slocum, Ledger, Overland, and Collins were all present during the attack. *Id.*, ¶¶24-28. Mason states that there is video of the attack, but some parts of the video are obscured by the bodies of the correctional officers who were standing around the cell. *Id.*, ¶25.

After the attack was over, Overland gave Farrakhan his glasses back and everyone left. *Id.*, ¶¶28-29. Mason was left in his cell with no medical attention. *Id.*, ¶30. After an investigation

into the incident, Farrakhan was arrested for Abuse of a Resident of a Penal Facility and Misconduct in Public Office. *Id.*, ¶31. For relief, Mason seeks monetary damages, injunctions, and a declaratory judgment. *Id.*, ¶1; *see also* Dkt. No. 1 at 8.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Mason asks to proceed with the following claims: (1) Eighth Amendment excessive force and failure to intervene; (2) Eighth Amendment denial of medical care; (3) violation of the Americans with Disabilities Act (ADA); and (4) state law assault and battery. Dkt. No. 1, ¶¶1, 32-34.

**1. Eighth Amendment Excessive Force and Failure to Intervene**

Mason asserts that Farrakhan used excessive force against him and that Jones, Slocum, Ledger, Overland, and Collins failed to intervene to protect him from Farrakhan. He also asserts

Wisconsin state law claims of assault and battery. To state a claim for excessive force under the Eighth Amendment, Mason must allege that a defendant applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to the defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force, and the extent of injuries caused by the force. *Whitley v. Albers*, 475 U.S. 312, 321 (1986); *Rice*, 675 F.3d at 668. To state a claim for failure to intervene under the Eighth Amendment, Mason must allege that the defendants had a realistic opportunity to step forward and prevent a fellow correctional officer from using excessive force, but that they failed to do so. *Fillmore v. Page*, 358 F.3d 496, 505-06 (7th Cir. 2004).

Mason states that Farrakhan struck him in the head repeatedly for about 30 seconds for no reason. He states that Jones, Slocum, Ledger, Overland, and Collins were all either present during the attack or saw portions of the attack but did not step in to stop the attack. Based on these allegations, Mason may proceed with an excessive force claim against Farrakhan and a failure to intervene claim again Jones, Slocum, Ledger, Overland, and Collins. The Court will also exercise supplemental jurisdiction over Mason's state-law claims of assault and battery against Farrakhan. *See* 28 U.S.C. § 1367(a).

2. **Eighth Amendment Denial of Medical Care**

To state a claim for denial of medical care under the Eighth Amendment, Mason must allege (1) that he suffered from an objectively serious medical condition; and (2) that the defendants were subjectively deliberately indifferent to that condition. *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016). "A medical need is sufficiently serious if the plaintiff's condition 'has been

5

diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). A plaintiff must allege "that an official actually knew of and disregarded a substantial risk of harm." *Petties*, 836 F.3d at 728.

Mason does not provide many details about his medical care claim. He states only that, "after the above-described assault, [he] was left in his cell #1 with no medical attention." Dkt. No. 1, ¶30. The Court can infer that the injuries from the assault were objectively serious given the length and severity the attack. The Court can also infer that Farrakhan, Jones, Slocum, Ledger, Overland, and Collins were aware of the injuries because they saw the attack and its aftermath. Mason states that none of these individuals provided him with medical care following the attack; they just left him in his cell. At this early stage of the litigation, Mason may also proceed with a denial of medical care claim against Farrakhan, Jones, Slocum, Ledger, Overland, and Collins.

### 3. Americans with Disabilities Act (ADA)

To state a claim under the ADA, Mason must allege: (1) he is a qualified individual with a disability; (2) he was denied access to services, programs, or activities of a public entity or otherwise discriminated against by that public entity; and (3) the denial or discrimination was because of his disability. *Shuhaiber v. Illinois Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020) (citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)). The term "disability" means "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Major life activities include, but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42

6

U.S.C. § 12102(2)(A). A refusal to reasonably accommodate a disability is "tantamount to denying access." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).

Mason does not allege that he has a disability. He also does not allege that he was denied access to services, programs, or activities of a public entity or that he was discriminated against because of a disability. He cannot proceed with a claim under the ADA.

### 4. Remaining Defendants

The Court will dismiss Murphy from the case based on lack of personal involvement. Mason does not allege any facts at all involving Murphy.

The Court will also dismiss Lucas from the case. Mason states that Lucas failed to "take disciplinary or other action to curb the known pattern of physical abuse of inmates." Dkt. No. 1, ¶34. But Mason does not allege that Lucas knew about what happened to him. Nor does he allege facts showing a "pattern" of abuse at the jail. Mason only identifies his own isolated experience. Lucas' role as a supervisor at the jail is not enough to impose §1983 liability. *Burks*, 555 F.3d at 593 (Section 1983 does not establish a system of vicarious responsibility.).

### CONCLUSION

The Court finds that Mason may proceed with the following claims: (1) an excessive force claim against Farrakhan; (2) an assault and battery claim against Farrakhan; (3) a failure to intervene claim against Jones, Slocum, Ledger, Overland, and Collins; and (4) denial of medical care claim against Farrakhan, Jones, Slocum, Ledger, Overland, and Collins.

**IT IS THEREFORE ORDERED** that Earnell Lucas and Michael Murphy are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of the plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on Farrakhan, Jones, Slocum, Ledger, Overland, and Collins.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Farrakhan, Jones, Slocum, Ledger, Overland, and Collins shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$326.12** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 26th day of April, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge